# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OLEKSIY ZUBRYTSKYY,** | : | Civil No. 1:CV-18-2239 |
| | : | |
| Petitioner | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **WARDEN CLAIR DOLL,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM OPINION

## I. INTRODUCTION

The purpose of this opinion and order is to promptly address two emergency motions that the petitioner in this case filed seeking a stay of his removal from the United States. (Docs. 13, 15.) Because this court lacks jurisdiction to grant the relief that the petitioner seeks in these motions, they must be denied.

## II. DISCUSSION

This is a habeas corpus proceeding initiated by Oleksiy Zubrytskyy (the "petitioner"), who represents that he is a citizen of Ukraine. The petitioner is an immigration detainee currently in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") and is held at the York County Correctional Facility. (Doc. 1, Petitioner, at 2.) The petitioner initiated this case on November 20, 2018, challenging his pre-final order

immigration detention, and arguing that he should be released or given a bond hearing. (Id. at 9.) His claims before this Court are limited to challenging the duration of his detention during his removal proceedings.

At the time the petitioner filed his petition with this court, he was litigating his removal proceedings in the Third Circuit Court of Appeals, challenging the rulings of immigration courts which concluded that the petitioner was removable. Zubrytskyy v. Att'y Gen., No. 18-3690 (3d Cir. 2018). As part of that litigation, the court of appeals granted a temporary stay of the petitioner's removal while his petition for review was being considered by that court.

When the petitioner first sought habeas relief, he was being held in pre-final order detention. Although the immigration courts had authorized the petitioner's removal, and he was thus subject to a final order of removal, he was deemed to be held in pre-final order detention because the Third Circuit had temporarily stayed his removal proceedings while it considered his appeal. See Leslie v. Att'y Gen., 678 F.3d 265, 270 (3d Cir. 2012).

Since the petition was filed, however, there have been significant developments in Zubrytskyy's case. Most significantly, the respondent has advised the court that on February 7, 2019, the Third Circuit denied Zubrytskyy's motion to stay his removal. (Doc. 14, at 2.) The denial of Zubrytskyy's motion for a stay of removal has now caused him to be subject to removal from the United States, and

his detention is now considered to be post-final order detention pursuant to 8 U.S.C. § 1231(a). In short, the pre-final order detention that the petitioner challenged when he commenced these proceedings has concluded, and as of February 7, 2019, he is being held as a pre-final order immigration detainee.

What further legal steps Zubrytskyy may be hoping to undertake in his efforts to remain in the United States are unclear. What is clear is that Zubrytskyy has now filed two "emergency" motions with this court to seek entry of an order staying his removal while he continues litigating his removal proceedings. In short, with the Third Circuit having recently lifted Zubrytskyy's stay of removal – thus allowing him to be removed – Zubrytskyy has come to this court seeking a new stay of removal.

This court simply lacks the legal authority to do what Zubrytskyy asks. Setting aside the fact that Zubrytskyy is asking a district court to reinstate a stay of removal that the court of appeals has lifted, federal district courts have no jurisdiction to stay Zubrytskyy's removal proceedings under federal law.

The INA provides that "[e]xcept as provided in [Section 1252] . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General . . . to execute removal orders against any alien." 8 U.S.C. § 1252(g). Following passage of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, federal district courts have no jurisdiction

over any claims asserted by aliens challenging their underlying removal orders. See 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision . . . a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means for judicial review of an order of removal* entered or issued under any provision of this Act . . . .") (emphasis added).

In keeping with Congress' clear directive in the REAL ID Act, the Third Circuit Court of Appeals has held that the Act effectively divests federal district courts of jurisdiction to review habeas petitions that seek to interfere with or otherwise implicate an alien's order of removal. See, e.g., Khouzam v. U.S. Att'y Gen., 549 F.3d 235, 244-45 (3d Cir. 2008); see also Gallego-Gomez v. Clancy, Civ. A. No. 11-5942, *2 (D.N.J. Nov. 2, 2011) (finding that the court lacked jurisdiction under the REAL ID Act over petitioner's motion for a stay of removal), aff'd, 458 F. App'x 91 (3d Cir. 2012). Indeed, following passage of the REAL ID Act, federal district courts retain habeas jurisdiction solely to address claims that aliens bring challenging their ongoing detention during their removal proceedings. See Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir. 2005) (observing that the REAL ID Act did not eliminate district court habeas jurisdiction over alien's challenge to detention).

In this case, the petitioner is requesting this court to do something that it is without legal authority to do: stay his removal from the United States while he attempts to litigate his removal proceedings. Because the court lacks jurisdiction to grant the relief Zubrytskyy seeks, his emergency motions for a stay of removal must be denied.

## III. ORDER

For the foregoing reasons, the petitioner's emergency motions for a stay of his removal (Docs. 13 and 15) are DENIED.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge